Pearson, C. J.
 

 Upon the return of the writ, I requested Judges Battle and Manly, to assist me, and after hearing arguments on both sides, and giving to the subject full consideration, they concur with me in the opinion that the petitioner, Graham, is not entitled to his discharge.
 

 It is admitted that Graham voluntarily enlisted as a private soldier on the 24th of May last, and the oath was.taken and subscribed by him according to the forms required by law.— The application is put on the ground that he was, at the time, under the age of twenty-one years, to wit, of the age of twenty-, and enlisted without the consent of his guardian.
 

 The return meets the application,
 
 in limvne,
 
 by the fact that on the I5th instant, “ Graham, by the order of the commanding officer was put in the guard house for positive violation of orders, to await his trial before a court martial, where he has remained until brought here in obedience .to the writ.”
 

 To meet this preliminary objection, two positions were relied on:
 

 1st. The statute gives authority to raise by enlistment, ten thousand
 
 “
 
 men;” Graham was not a man, being under the age of twenty-one years; consequently, the recruiting officer had no power to make a contract of enlistment with him, and i the contract is void and of no effect.
 

 If the agent, acting for one of the parties, exceeds his power, the consequence contended for would follow; for instance.
 
 *418
 
 if a Woman was'enlisted ; but I do no adopt this very restricted construction of the statute. The word “ men” must be understood in reference to the purpose for which it is . used, and obviously, the purpose was, not to indicate the sort of persons, but to fix the number, in" the sense of “ ten thousand
 
 soldiers
 
 of troops.” "So, I think there was-no defect of power on' the part of the recruiting officer, and the contract cannot be treated as a nullity. :
 

 2d. By' a general rule of law, contracts made with one, tinder the age of twenty-one years, may be' ávoided by him ; the exceptions are contracts for necessaries — of marriage and appréñtic'eship, on the ground of benefit to the-infant, and there is no special benefit to an infant, arising out of a contract to enlist as a soldier to authorize the Court to take it out of the general rule and make it an exception in;the absence of some legislative provisions, such as are to be met with in the acts of Congress of the United States.
 

 This position may be admitted for the sake of the argument, and it does not moot the objection ; for the contract, not being void, but merely voidable, had the legal effect of establishing the relation of officer and soldier, which existed at the time Graham was guilty of disobedience of orders, consequently, fiis act was unlawful, and his arrest and imprisonment lawful, and he cannot avoid the consequences-by going behind his act and be allowed to impeach the validity of his énlistment until he has been discharged by the court-martial. This is cleat I otherwise there would be no difference between a void and a voidable contract; whereas, the latter has legal effect, and continues until it is avoided, and in this instance, the contract had the legal effect of putting - Graham in the condition of a private soldier', and making him’ amenable as such, to military law, and that having attached to him, he •must be discharged by it, before he can be allowed to raise the question before the civil authorities, as to his further detention being unlawful. If such were not the law, all. order arid discipline in the army would be subverted. Would it be tolerated that one should insinuate himself into the condition .of a soldier, and when by the disobedience of orders or other violation of duty,Alie safety of the whole army has been en
 
 *419
 
 clangored, evade the military jurisdiction by being heard to impeach the validity of his enlistment ?
 

 Eor these reasons, neither the petitioner Graham, nor the other petitioner, his guardian, can be allowed to raise the question, whether the contract of enlistment can be avoided by him. I do not, therefore, feel at liberty to enter into the subject, or intimate any opinion in respect to it.
 

 It is considered by me, that the petitioner, Hamilton 0.-Graham, be remanded and put in possession of Maj. Stephen D. Eamseur, and that the latter recover his costs of the petb turners, to be taxed by the clerk of the Supreme Court at Ealeigh.
 

 V* Addendum : The Reporter is requested to state that the case of
 
 Billups
 
 v.
 
 Riddick,
 
 decided at the last term, ante 163, which purports to have been decided by Judge Howard, was never seen by him, but was made up by the counsel and a
 
 pro forma
 
 judgment entered as they had agreed.